UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| Technical Ordnance Solutions, LLC, Atomic Machine and EDM, Inc., and Energy Technical Systems, Inc., | Case No. 2:23-bk-00125-FMD<br>Case No. 2:23-bk-00126-FMD<br>Case No. 2:23-bk-00127-FMD |
| Debtors._____/ | *Jointly Administered with*<br>Case No. 2:23-bk-00125-FMD |
| Technical Ordnance Solutions, LLC, Atomic Machine and EDM, Inc., and Energy Technical Systems, Inc., | |
| Plaintiffs, | Adv. No. _____ |
| v. | |
| U.S. Strategic Capital Advisors, LLC, | |
| Defendant._____/ | |

## TECHNICAL ORDNANCE SOLUTIONS, LLC, ATOMIC MACHINE AND EDM, INC., AND ENERGY TECHNICAL SYSTEMS, INC.'S VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs Technical Ordnance Solutions, LLC, Atomic Machine and EDM, Inc., and Energy Technical Systems, Inc. (collectively, the "Plaintiffs"), by and through the undersigned legal counsel, hereby sue defendant U.S. Strategic Capital Advisors, LLC (the "Defendant") to obtain an injunction and, as grounds therefor, allege as follows:

### JURISDICTION, VENUE, AND PARTIES

1. The United States Bankruptcy Court for the Middle District of Florida (this "Court") is the proper venue pursuant to 28 U.S.C. § 89(b), 1408(1), and 1409. This Court's Fort Myers Division is the appropriate place to hold court under Local Rule 1071-1(b)(4).

2. This is a core proceeding over which this Court has jurisdiction to enter final orders and judgments pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

3. The statutory predicates for the relief sought herein include Bankruptcy Code section 105(a) and Bankruptcy Rule 7001.

4. The Plaintiffs are the debtors and debtors in possession in the above-styled bankruptcy cases (the "Bankruptcy Cases"). Technical Ordnance Solutions, LLC is a Florida limited liability company with its principal place of business located in Collier County, Florida. Atomic Machine and EDM, Inc. is a Florida profit corporation with its principal place of business located in Collier County, Florida. Energy Technical Systems, Inc. is a Florida profit corporation with its principal place of business located in Taylor County, Florida.

5. The Defendant is a Georgia Limited Liability Corporation whose principal place of business is located in Fulton County, Georgia at 2604 Abbey Court, Alpharetta, GA 30004.

6. The Plaintiffs consent to the entry of final orders and judgment by this Court.

## GENERAL ALLEGATIONS

7. The Bankruptcy Cases commenced on February 5, 2023, when the Plaintiffs filed their voluntary petitions for reorganizational relief under Chapter 11 of the Bankruptcy Code in this Court.

8. Lindsey Cochran Bowman ("Mr. Bowman") and Mr. Clyde William Colburn ("Mr. Colburn" and, jointly with Mr. Bowman, the "Guarantors") each own over forty percent (40%) of the Plaintiffs' outstanding equity interests, and together own all of the Plaintiffs' outstanding equity interests.

9. The Defendant is a creditor in the Bankruptcy Cases.

10. The Guarantors guarantee several debts owed by the Plaintiffs, including—allegedly—the Defendant's claims against the Plaintiffs.

11. The Defendant is the plaintiff in *U.S. Strategic Capital Advisors, LLC v. Lindsey Cochran Bowman* (the "Georgia Litigation"), which bears case number Civil Action File Number 2023CV377613 in the Superior Court of Fulton County, Georgia.

12. The Georgia Litigation arises from the same obligations asserted by the Defendant against the Plaintiffs in the Bankruptcy Cases. Through the Georgia Case, the Defendant seeks a judgment against Mr. Bowman for such obligations (the "Guarantor Claims").

13. On October 19, 2023, the Defendant filed a Motion for Summary Judgment against Mr. Bowman in the Georgia Litigation.

14. On November 3, 2023, the Plaintiffs filed their Plan of Liquidation ("Plan") and Disclosure Statement in the Bankruptcy Cases. A true and correct copy of the Plan and exhibits thereto is attached as Exhibit "A". A true and correct copy of the Disclosure Statement and exhibits thereto is attached as Exhibit "B".

15. The Plan provides that Mr. Bowman, as plan sponsor, will make substantial financial contributions to provide creditors the opportunity to recover their allowed claims in full, regardless of whether they vote to accept the Plan.

16. Section 6.05 of the Plan (the "Injunction Provision") provides that as long as Mr. Bowman is not in default on the payments under the Plan, the Defendant will be enjoined from, *inter alia*, commencing or continuing in any manner any action or other proceeding against the Guarantors on account of its claims relating to the Plaintiffs. The Plan states that the Injunction Provision is an integral part of the Plan, and essential to its implementation.

17. Mr. Bowman, as plan sponsor, in reliance upon confirmation of the Plan and the Injunction Provision providing injunctive relief to both Guarantors, agreed to fund the Plan as set forth therein. Mr. Colburn, in reliance upon confirmation of the Plan and the Injunction Provision providing injunctive relief to both Guarantors, similarly agreed to help fulfill the Plan's terms, and manage the Plaintiffs' affairs through and including confirmation of the Plan.

## COUNT I:
### (Injunction)

18. The Plaintiffs reallege and incorporate paragraphs 1 through 17 above.

19. The Plaintiffs share an identity of interests with the Guarantors.

20. If the Defendant is permitted to continue the Georgia Litigation, Mr. Bowman will expend substantial sums of cash defending against the Guarantor Claims.

21. The substantial sums of cash Mr. Bowman will spend if the Georgia Litigation continues would deplete the sums of cash Mr. Bowman would otherwise spend to ensure fulfillment of the Plan's terms.

22. Any judgments against Mr. Bowman resulting from the Georgia Litigation would expose assets of Mr. Bowman to levy or garnishment, when such assets would otherwise necessarily be used by Mr. Bowman, as plan sponsor, to fund the Plan's confirmation expenses and creditor trust.

23. If the Defendant is permitted to commence litigation against Mr. Colburn, the Plaintiffs' businesses will suffer, as will the prospects for confirmation of a Chapter 11 plan, because Mr. Colburn's professional services are vital to the Plaintiffs' operations. Mr. Colburn would be required to expend substantial time and energy defending against the Guarantor Claims, instead of providing professional services to the Plaintiffs.

24.     The viability of the Plan's proposed distributions hinges on the Guarantors' ability to provide professional services or funds that would be depleted—or, in Mr. Bowman's case, garnished or levied upon—if litigation or collection efforts against the Guarantors was permitted to commence or continue.

25.     The Defendant will suffer little or no harm if litigation and collection efforts against the Guarantors, arising from or relating to the Defendant's claims against the Plaintiffs, is enjoined until the effective date of a Chapter 11 plan. By contrast, permitting such litigation or collection efforts will result in immediate and irreparable harm to the Plaintiffs and the prospects for substantial consummation of the Plan, as entry of an order granting the Motion for Summary Judgment is imminent.

26.     An injunction preventing the Defendant from commencing or continuing litigation and collection efforts against the Guarantors, to the extent the causes of action underlying such litigation arise from or relate to the Defendant's claims against the Plaintiffs, will serve the public interest. An injunction will enable creditors to receive payments they would not otherwise receive, preserve jobs for several employees while confirmation is pending, comport with the Congressional purpose of the automatic stay, and further the Plaintiffs' efforts to confirm a Chapter 11 plan.

27.     When excepting the Defendant, creditors subject to the Plan's injunction provision are substantially likely to overwhelmingly accept the Plan. Consequently, the Plaintiffs anticipate the Plan, with its injunction provision, is substantially likely to be confirmed.

28.     Bankruptcy Code section 105(a) provides this Court to enter an injunction as requested under the foregoing conditions.

WHEREFORE, the Plaintiffs respectfully request this Court enter a judgment in favor of the Plaintiffs: (i) enjoining the Defendant from commencing or continuing litigation or collection efforts against the Guarantors to the extent the causes of action underlying such litigation or collection efforts arise from or relate to the Defendant's claims against the Plaintiffs; and (ii) granting the Plaintiffs such other and further relief as this Court deems just and proper.

## VERIFICATION

I, Lindsey Cochran Bowman, declare as follows:

1. I am a citizen of the United States of America, and a resident of California.

2. I own more than forty percent (40%) of the equity security interests of Technical Ordnance Solutions, LLC, Atomic Machine and EDM, Inc., and Energy Technical Systems, Inc., the Plaintiffs in the present case.

3. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Verified Complaint for Injunctive Relief, and if called on to testify I would competently testify as to the matters stated herein.

4. I verify under penalty of perjury that the factual statements in this Verified Complaint for Injunctive Relief concerning myself, my activities, and my intentions are true and correct.

**Executed on November 14, 2023**             By: _____
                                              LINDSEY COCHRAN BOWMAN
                                              *Individually*

## VERIFICATION

I, Clyde William Colburn, declare as follows:

5. I am a citizen of the United States of America, and a resident of Florida.

6. I own more than forty percent (40%) of the equity security interests of Technical Ordnance Solutions, LLC, Atomic Machine and EDM, Inc., and Energy Technical Systems, Inc., the Plaintiffs in the present case. Additionally, I am the Manager of Technical Ordnance Solutions, LLC and CFO of Atomic Machine and EDM, Inc., and Energy Technical Systems, Inc., respectively.

7. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing Verified Complaint for Injunctive Relief, and if called on to testify I would competently testify as to the matters stated herein.

8. I have personal knowledge of the Plaintiffs, their activities, and their intentions set out in the foregoing Verified Complaint for Injunctive Relief, and if called on to testify I would competently testify as to the matters stated herein.

9. I verify under penalty of perjury that the factual statements in this Verified Complaint for Injunctive Relief are true and correct.

**Executed on November 14, 2023**          By: _____
CLYDE WILLIAM COLBURN
*Individually and as*
*Manager, Technical Ordnance Solutions, LLC,*
*CFO, Atomic Machine and EDM, Inc., and*
*CFO, Energy Technical Systems, Inc.*

**Dated**: November 16, 2023    Respectfully submitted,

**DAL LAGO LAW**
999 Vanderbilt Beach Road
Suite 200
Naples, FL 34108
Telephone: (239) 571-6877

By: */s/ Michael R. Dal Lago*
MICHAEL R. DAL LAGO
Florida Bar No. 102185
Email: mike@dallagolaw.com
CHRISTIAN GARRETT HAMAN
Florida Bar No. 1017079
Email: chaman@dallagolaw.com

*Counsel for Plaintiffs*
*Technical Ordnance Solutions, LLC,*
*Atomic Machine and EDM, Inc., and*
*Energy Technical Systems, Inc.*